**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rafael Salguero Vera, | No. CV-26-00051-PHX-MTL (ASB) |
| Petitioner, | **ORDER** |
| v. | |
| John E Cantu, et al., | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus under § 2241.  The Court denies the Petition and this action.

## I.

Petitioner is a Mexican citizen illegally present in the United States since April 2004. Petitioner was served with a Notice to Appear charging him as "an alien present in the United States who has not been admitted or paroled." (Doc. 1 at 5; Doc. 1-1 at 3.) He seeks a bond hearing or release from the custody of the Department of Homeland Security, United States Immigration and Customs Enforcement, because he is being held without a bond hearing. (Doc. 1 at 18.) Petitioner alleges that he is entitled to a bond hearing under 8 U.S.C. § 1226. He argues that the mandatory detention provisions of 8 U.S.C. § 1225 do not apply to him because, although he has lived in the United States illegally for nearly twenty-two years, he is not currently seeking admission as defined in the statute. (*Id.* at 12, 14.)

Respondents oppose the Petition, arguing that Petitioner is an "applicant for

admission as defined by 8 U.S.C. § 1225(a)(1) because he has never been lawfully admitted to the United States," and therefore subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (Doc. 10 at 2.)

## II.

When it enacted the Illegal Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA"), Congress sought to close an illogical loophole that permitted illegal aliens "who have entered the United States without inspection gain[ing] equities and privileges in immigration proceedings that are not available to aliens who present themselves for inspection." *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498-99 (5th Cir. 2026) (quoting H.R. Rep. No. 104-469, pt. 1, at 225 (1996)). Thus, under § 1225(a)(1), in certain immigration removal proceedings, Congress chose to "deem" any "alien present in the United States who has not been admitted or who arrives in the United States" as an "applicant for admission." 8 U.S.C. § 1225(a)(1).

Petitioner argues that because he has resided illegally in the United States for nearly twenty-two years and is not "seeking admission" that he cannot possibly fall within the structure of § 1225. (Doc. 1 at 12, 14.) But he is mistaken. By making a legislative policy choice, Congress decided that he, undisputably an "alien present in the United States who has not been admitted," must be considered an "applicant for admission" for the purposes of §§ 1225 and 1226. Petitioner's contrary position evokes the inequities of the pre-IIRIRA era, where an illegal alien who evaded detection at the international border and then within the United States, and who did actually present himself for admission, gets more procedural rights than someone who seeks admission by lawful means.

This Court is aware that other judges in this District and elsewhere have determined that petitioners under similar circumstances are entitled to bond hearings under § 1226. But this particular Court disagrees with that conclusion. As this Court expressed in *Chavez v. Noem*, — F. Supp. 3d —, 2026 WL 381618 (D. Ariz. Feb. 9, 2026), the better approach is to follow the plain meaning of § 1225 along with Congress's stated objectives in enacting the IIRIRA. The Court found the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*

instructive and followed it. *Id.* at *2. For these reasons, the Petition for Habeas Corpus will be denied as to Petitioner's request for a bond hearing under 8 U.S.C. § 1226.

### III.

Petitioner's other arguments lack merit. As far as Petitioner argues that his detention violates his liberty interests, an illegal alien is only entitled to the process provided by Congress. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020) (an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute"). The Court also rejects Petitioner's argument that relief should be granted here because he is a member of the *Bautista* class. *See Calderon Lopez v. Lyons*, ⸺ F. Supp. 3d ⸺, 2025 WL 3683918, at *1 (N.D. Tex. Dec. 19, 2025). If Petitioner believes he is entitled to further relief under the judgment in *Bautista*, he must seek relief in the Central District of California.

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. This action is dismissed, and the Clerk of Court must enter judgment accordingly.

Dated this 3rd day of March, 2026.

Michael T. Liburdi
United States District Judge

- 3 -